**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JONATHAN SWAFFORD et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-1471-G** |
| | ) | |
| **STATE FARM FIRE AND CASUALTY COMPANY et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# ORDER

Now before the Court is Plaintiffs Jonathan Swafford and Kelly Swafford's Motion to Remand (Doc. No. 8). Defendant State Farm Fire and Casualty Company ("State Farm") has responded (Doc. No. 15) and Plaintiffs have replied (Doc. No. 16).

## *I. Background*

Plaintiffs initially filed this action in the District Court of Oklahoma County, Oklahoma, on August 29, 2025. *See* Pet. (Doc. No. 1-1). Plaintiffs challenge State Farm's denial of an insurance claim submitted for wind and hail damage to Plaintiffs' property following a May 2024 storm. *See id.* ¶¶ 16, 25, 39.

Plaintiffs' claims are premised on an alleged state-wide scheme referred to as the "Hail Claim Focus Initiative," pursuant to which State Farm allegedly underpays and denies valid wind and hail damage claims. *See id.* ¶¶ 24, 27, 56-58.

Plaintiffs bring claims of breach of contract, breach of the duty of good faith and fair dealing, and constructive fraud/negligent misrepresentation against Defendant State Farm. *See id.* ¶¶ 32-65. Plaintiffs also assert claims against their insurance agent,

Defendant Becky Stevens d/b/a Becky Stevens Insurance Agency ("Defendant Stevens"), for negligent procurement of insurance and for constructive fraud/negligent misrepresentation. *See id.* ¶¶ 55-65; Pls.' Mot. to Remand at 21-22.

State Farm removed the action to this Court on the basis of diversity jurisdiction and the doctrine of fraudulent joinder. *See* Notice of Removal (Doc. No. 1) at 2-4. Plaintiffs then filed the instant Motion to Remand, alleging that State Farm has not met its burden of establishing fraudulent joinder.

## *II. Relevant Standards*

A civil action filed in a state court may be removed to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Res. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

The relevant statute prescribes that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Jurisdiction under § 1332(a) requires complete diversity among the parties. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

It is undisputed that the $75,000 amount in controversy requirement is met here.

*See* Pet. at 9. It is further undisputed that Plaintiffs and Defendant Stevens are citizens of Oklahoma for diversity purposes and that State Farm is a non-Oklahoma citizen for diversity purposes. *See id.* ¶¶ 1-5. Therefore, complete diversity does not exist among the parties.

State Farm asserts that the Court has jurisdiction over this action because Plaintiffs fraudulently joined Defendant Stevens, a nondiverse defendant, as a means to defeat removal. *See* Notice of Removal at 4; Def.'s Resp. at 9-22. Citing the lack of diversity resulting from State Farm's failure to establish fraudulent joinder, Plaintiffs seek remand of this case to state court. *See* Pls.' Mot. to Remand at 7; 28 U.S.C. § 1447(c).

The doctrine of fraudulent joinder permits a federal court to disregard the citizenship of a nondiverse defendant against whom the plaintiff has not asserted or cannot assert a colorable claim for relief. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (alteration and internal quotation marks omitted). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (internal quotation marks omitted).

## *III. Discussion*

### *A. Plaintiffs' Inability to Establish a Claim Against Defendant Stevens*

Defendant State Farm asserts that fraudulent joinder is shown by Plaintiffs' inability to establish a cause of action against non-diverse Defendant Stevens. In evaluating State

Farm's allegation of fraudulent joinder, the Court must "determine whether [Plaintiffs] ha[ve] any possibility of recovery against" Defendant Stevens. *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. 2000) (internal quotation marks omitted). The removing party must demonstrate "[t]he non-liability of the defendants alleged to be fraudulently joined . . . with 'complete certainty.'" *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (quoting *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)). "This standard is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)," as "remand is required if any one of the claims against the non-diverse defendant . . . is possibly viable." *Montano*, 2000 WL 525592, at *2.

"This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability[.]" *Smoot*, 378 F.2d at 882 (internal quotation marks omitted). "But upon specific allegations of fraudulent joinder, the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.* (citation and internal quotation marks omitted).

As noted, Plaintiffs assert two claims against Defendant Stevens: (1) negligent procurement of insurance; and (2) constructive fraud and negligent misrepresentation. *See* Pet. ¶¶ 55-65. Each claim is addressed below.

*1. Negligent Procurement of Insurance*

Oklahoma law recognizes that an insurance agent has a "duty to act in good faith and use reasonable care, skill[,] and diligence in the procurement of insurance." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). "This duty rests, in part, on

specialized knowledge about the terms and conditions of insurance policies generally." *Rotan v. Farmers Ins. Grp. of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2004) (alteration and internal quotations marks omitted). An insurance agent can therefore be liable to the insured in negligence "if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey,* 979 P.2d at 269.

"[T]he scope of the agent's duty to use reasonable care, skill, or diligence in the procurement of insurance" "is not expanded by general requests for 'full coverage' or 'adequate protection.'" *Rotan*, 83 P.3d at 895. Thus, "[t]o discharge their duty . . . , insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds." *Id*. (emphasis omitted).

Plaintiffs purchased a homeowners' insurance policy that "included coverage for wind and hail damages." Pet. ¶¶ 10, 14. Plaintiffs do not allege that they communicated any specific coverage needs to Defendant Stevens that were disregarded. Rather, Plaintiffs contend that Defendant Stevens "misled Plaintiffs into believing they would be fully covered in the event of wind and/or hail loss to the roof." *Id*. ¶ 64.

Plaintiffs' allegations and the record before the Court reflect, however, that Defendant Stevens procured a full replacement cost policy providing coverage for weather-related losses, thus affording Plaintiffs coverage consistent with the policy they purchased. *See id*. ¶¶ 10, 14-15 ("The policy . . . did not define or otherwise limit wind or hail damage coverage . . . ."), 19 ("Wind and hail are covered perils not limited or excluded pursuant to the terms and conditions of Plaintiffs' homeowners' insurance policy . . . ."), 25; Policy (Doc. No. 15-1) at 22 ("*We* will pay the cost to repair or replace with similar construction

and for the same use on the premises shown in the *Declarations* . . . .").

Plaintiffs therefore cannot show that, "by the agent's fault, insurance [was] not procured as promised." *Swickey*, 979 P.2d at 269; *see also Rivera v. Hartford Ins. Co. of the Midwest*, No. CIV-14-1082-HE, 2014 WL 7335320, at *2 (W.D. Okla. Dec. 19, 2014) (finding no viable claim against the agent because no allegations were made that specific coverage was requested that the agent failed to provide).

Further, Plaintiffs allege that State Farm and its retained engineer "chose to ignore clear signs of hail damage and called it 'normal aging' in an attempt to avoid payment under the policy" and that State Farm "wrongfully denied payment for damages which are clearly covered under the terms and conditions of the policy." Pet. ¶¶ 25, 30. Plaintiffs therefore allege injury arising from the adjuster's assessments and State Farm's related denial—not from the type of coverage procured by Defendant Stevens. *See id.*; *see also Weichbrodt v. State Farm Fire & Cas. Co.*, No. CIV-25-360-R, 2025 WL 1848819, at *2 (W.D. Okla. July 2, 2025) ("Plaintiff's damages flow from State Farm's allegedly improper interpretation of [plaintiff's] policy and adjustment of [plaintiff's] claim, not the agent's failure to procure the correct type of policy, type of coverage, or coverage limit"); *Steinkamp v. State Farm Fire & Cas. Co.*, No. CIV-22-47-PRW, 2023 WL 11920886, at *2 (W.D. Okla. Sept. 29, 2023) (finding no viable claim against the agent because the plaintiff's claim hinged upon what damage was sustained rather than the terms of the policy).

For these reasons, Plaintiffs have failed to state a potentially viable claim against Defendant Stevens for negligent procurement of insurance. *See Hall v. State Farm Fire &*

*Cas. Co.*, No. CIV-25-12-JD, 2025 WL 2905205, at *5 (W.D. Okla. Oct. 13, 2025); *Steinkamp*, 2023 WL 11920886, at *2.

2. *Constructive Fraud/Negligent Misrepresentation*

Under Oklahoma law, constructive fraud or negligent misrepresentation consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, . . . by misleading another to his prejudice." Okla. Stat. tit. 15, § 59(1); *see Wilder v. State Farm Fire & Cas. Co.*, No. CIV-25-92-JD, 2025 WL 2918045, at *5 (W.D. Okla. Okla. 14, 2025). Such a duty "may arise if a party selectively discloses facts that create a false impression." *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1181 (10th Cir. 2008). Put another way, "[c]onstructive fraud is the concealment of material facts which one is bound under the circumstances to disclose." *Bankers Tr. Co. v. Brown*, 107 P.3d 609, 613 (Okla. Civ. App. 2005) (internal quotation marks omitted). "A duty to speak may arise from partial disclosure." *Uptegraft v. Dome Petroleum Corp.*, 764 P.2d 1350, 1353 (Okla. 1988).

Plaintiffs allege that Defendant Stevens concealed material facts regarding State Farm's alleged scheme in violation of an existing duty to disclose. *See* Pet. ¶¶ 59-63. Plaintiffs identify no affirmative statements by Defendant Stevens giving rise to a duty. Nor do they plead any other facts or legal authority supporting the existence of such a duty.

This Court has repeatedly declined to conclude that "an inherent or implied representation attendant to the issuance of an insurance policy" is a sufficient basis for a constructive fraud/negligent misrepresentation claim against an insurance agent. *Wilder*, 2025 WL 2918045, at *5; *see, e.g.*, *Cook v. State Farm Fire & Cas. Co.*, No. CIV-25-1098-

R, 2025 WL 3461564, at *3 (W.D. Okla. Dec. 2, 2025). And as to State Farm's alleged "scheme," even assuming agents' knowledge, the Petition sets forth "no factual allegations that demonstrate [Defendant Stevens] disclosed any information that would have required [Defendant Stevens] to convey the information [Plaintiffs] assert[] was not disclosed" regarding State Farm's claims handling tactics. *Stafford v. State Farm Fire & Cas. Co.*, No. CIV-25-8-HE (W.D. Okla. May 27, 2025) (order denying remand).

Further, Plaintiffs fail to allege facts establishing a causal connection between the alleged misrepresentations or omissions and the damages sought by Plaintiffs in this action. State Farm's determination that some of the property damage was attributable to a non-covered cause does not render the policy illusory, fraudulent, or otherwise ineffective. "[T]he policy sought was the policy received," and that policy provided coverage for the type of loss claimed, as confirmed by State Farm's finding of covered damage under the policy. *Rain Drop Found., Inc. v. State Farm Fire & Cas. Co.*, No. CIV-24-1101-D, 2025 WL 582562, at *5 (W.D. Okla. Feb. 21, 2025); *see* Estimate (Doc. No. 15-2). "All relevant disputes relate to the coverage decision"; the parties simply disagree on the cause and/or extent of damage claimed. *Rain Drop Found.*, 2025 WL 582562, at *5. Plaintiffs' purchase of a replacement cost policy does not guarantee that their claims will be paid in full or "paid in the exact manner" they desire. *Id.* "[T]he Court is unable to make out a causal nexus between [Defendant Stevens'] actions at the procurement stage and Plaintiff[s'] alleged prejudice at the coverage determination stage." *Id.*

State Farm has therefore met its burden to demonstrate the absence of a possibly viable claim against Defendant Stevens for constructive fraud/negligent misrepresentation.

## CONCLUSION

For the reasons set forth above, the Court finds that fraudulent joinder has been established and the nondiverse defendant—Defendant Becky Stevens d/b/a Becky Stevens Insurance Agency—should be disregarded. Thus, there is complete diversity between the relevant parties, and remand is not warranted.

Accordingly, Plaintiffs' Motion to Remand (Doc. No. 8) is DENIED. Plaintiffs' claims against Defendant Becky Stevens d/b/a Becky Stevens Insurance Agency are DISMISSED without prejudice.[1] This Defendant shall be terminated as a party to this action, and the Motion to Dismiss (Doc. No. 6) shall likewise be terminated.

The stay previously imposed in this matter is hereby VACATED. *See* Order of Apr. 1, 2026 (Doc. No. 17). Plaintiffs shall file their response to Defendant State Farm's Motion to Dismiss (Doc. No. 5) within 21 days of the date of this Order.

IT IS SO ORDERED this 28th day of September, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge

[1] *See Anderson v. Lehman Bros. Bank*, 528 F. App'x 793, 796 (10th Cir. 2013) (explaining that once the district court "determined that [the nondiverse defendant] had been fraudulently joined," "it was required to dismiss him from the case without prejudice").